**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Adrian R. Bacon, Esq. (SBN: 280332)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234
Facsimile: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHARBELL KAROUT, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DOORDASH, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

1. SHARBELL KAROUT ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of DOORDASH, INC. ("Defendant" or "DoorDash"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone using prerecorded messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

CLASS ACTION COMPLAINT - 1

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims out of violations of federal law.

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in the Northern District of California and

committed a substantial part of the acts giving rise to Plaintiff's claims in this District.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Washington.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

9. Defendant is, and at all times mentioned herein was, a corporation of the State of Delaware, which is registered with the Secretary of State to do business in the State of California. Defendant maintains its principal place of business in San Francisco, California.

10. Defendant is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

11. During or about 2021, Plaintiff owned a gas station.

12. Then, on or around June 29, 2021, Plaintiff sold the gas station.

13. After Plaintiff sold the gas station, he received constant calls from Defendant to his cellular phone regarding the gas station's DoorDash deliveries which featured prerecorded messages.

14. During the time that Plaintiff owned the gas station, he never partnered with DoorDash for deliveries, and never provided DoorDash with his cellular phone number.

15. Plaintiff called Defendant and spoke with a supervisor to request that Defendant stop calling him.

16. Additionally, Plaintiff confirmed with the new owner of the gas station that the new owner had not provided DoorDash with Plaintiff's cellular phone number, and instead had provided DoorDash with his own number.

17. Throughout 2022 and 2023, Defendant continued placing daily calls to Plaintiff's cellular telephone, featuring the same prerecorded message.

18. On information and belief, Plaintiff has received hundreds of calls from DoorDash. On at least one occasion, DoorDash called Plaintiff more than twenty (20) times in a single day.

19. Plaintiff has repeatedly attempted to block the phone numbers generating these calls but has been unsuccessful in stopping them, because whenever Plaintiff blocks a particular number, Defendant continues to call from new telephone numbers.

20. Plaintiff has spoken to multiple supervisors with Defendant, who have repeatedly assured him that they would fix the issue.

21. Despite those assurances, Plaintiff continues to receive bothersome and harassing calls to his cellular telephone every day, featuring the same prerecorded message.

22. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

24. Defendant's calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), in that they are calls to a recipient within the United States, not made for emergency purposes or with the prior express consent of Plaintiff, using a prerecorded voice, to a telephone number assigned to a cellular telephone service for which Plaintiff is charged for such calls.

25. Additionally, Plaintiff's cellular phone number has been registered on the National Do-Not-Call Registry since 2007.

## CLASS ACTION ALLEGATIONS

26.  Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, as a member of the three proposed Classes (hereafter, jointly, "The Classes").

27.  Plaintiff represents, and is a member of, the Prerecorded Voice Class, defined as follows: All persons within the United States who received any unsolicited telephone calls using a prerecorded voice from Defendant, which telephone calls were not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of the Complaint through the date of class certification.

28.  Plaintiff represents, and is a member of, the National Do-Not-Call Class (hereinafter "National DNC Class") defined as follows: All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

29.  Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows: All persons within the United States who requested that Defendant stop calling them, and who, after requesting Defendant stop calling them, received more than one call by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

30.  Defendant, its employees and agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class numbers member in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditions litigation of this matter.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the definitions of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Classes' members is impractical and the disposition of their claims in a Class action will provide substantial benefits both to the parties and the Court. The Classes can be identified through Defendant's records or Defendant's agents' records.

33. Plaintiff and members of the Prerecorded Voice Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Prerecorded Voice Class members via their cellular telephones using a prerecorded voice, thereby causing Plaintiff and the Prerecorded Voice Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Prerecorded Voice Class previously paid, and invading the privacy of said Plaintiff and the Prerecorded Voice Class members. Plaintiff and the Prerecorded Voice Class members were damaged thereby.

34. There is a well-defined community of interest in the questions of law and fact affecting the Prerecorded Voice Class members. The questions of law and fact common to the Prerecorded Voice Class predominate over questions which may affect individual Prerecorded Voice Class Members, including the following:

    a. Whether, within four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed any telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party)

       to a Prerecorded Voice Class member using any prerecorded voice to any telephone number assigned to a cellular phone service;

   b. Whether Plaintiff and the Prerecorded Voice Class members were damaged thereby, and the extent of damages for such violations; and

   c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35. As a person who received at least one telephone call using a prerecorded voice without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Prerecorded Voice Class. Plaintiff will fairly and adequately represent and protect the interests of the Prerecorded Voice Class in that Plaintiff has no interests antagonistic to any member of the Prerecorded Voice Class.

36. Plaintiff and members of the National DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and National DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the National DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the National DNC Class members were damaged thereby.

37. There is a well-defined community of interest in the questions of law and fact affecting the National DNC Class members. The questions of law and fact common to the National DNC Class predominate over questions which may affect individual National DNC Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one telemarketing/solicitation call to National DNC Class members whose telephone numbers were on the National Do-Not-Call Registry;

    b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists as required by 47 C.F.R. § 64.1200;

    c. Whether Plaintiff and the National DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

    d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous solicitation telephone calls from Defendant within a 12-month period, and whose phone number was registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the National DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the National DNC Class in that Plaintiff has not interests antagonistic to any member of the National DNC Class.

39. Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Internal DNC Class members whose had requested that Defendant stop contacting them. Plaintiff and the Internal DNC Class members were damaged thereby.

40. There is a well-defined community of interest in the questions of law and fact affecting the Internal DNC Class members. The questions of law and fact common to the Internal DNC Class predominate over questions which may affect individual Internal DNC Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or its agents placed more than one telemarketing/solicitation call to Internal DNC Class members who had previously requested that Defendant stop contacting them;

  b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists as required by 47 C.F.R. § 64.1200;

  c. Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

  d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received numerous solicitation telephone calls from Defendant within a 12-month period, and who had previously requested that Defendant stop contacting him, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has not interests antagonistic to any member of the Internal DNC Class.

42. Plaintiff and the members of the Classes have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual members' claims, few, if any, of the members of the Classes could afford to seek legal redress for the wrongs complained herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involve violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The intent of the members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for

violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declarator relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(B)**
**(ON BEHALF OF THE PRERECORDED VOICE CLASS)**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Prerecorded Voice Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and Prerecorded Voice Class Members are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(B)**
**(ON BEHALF OF THE PRERECORDED VOICE CLASS)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Prerecorded Voice Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff and Prerecorded Voice Class Members are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
### (ON BEHALF OF THE NATIONAL DNC CLASS AND INTERNAL DNC CLASS)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the National DNC and Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57. Plaintiff and the National DNC and Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

# FOURTH CAUSE OF ACTION
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227(C)
### (ON BEHALF OF THE NATIONAL DNC CLASS AND INTERNAL DNC CLASS)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c).

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the National DNC and Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

61. Plaintiff and the National DNC and Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE TCPA
# 47 U.S.C. § 227(B)

62. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff, on behalf of himself and each Prerecorded Voice Class Member, seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

64. Any other relief the Court may deem just and proper.

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(B)

65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff, on behalf of himself and each Prerecorded Voice Class Member, seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

66. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

67. Any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION
## NGELIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(C)

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff, on behalf of himself and each National DNC Class and Internal DNC Class Member, seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

69. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

70. Any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(C)

71. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff, on behalf of himself and each National DNC Class and Internal DNC Class Member, seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

72. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

73. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted on November 28, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>/s/ Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff